# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JIMMIE LEE ELLIS,**

      **Plaintiff,**

v.                                                                                   Case No. 22-CV-1315

**RODNEY GONZALES,** *et al.*,

      **Defendants.**

## ORDER

On September 21, 2023, *pro se* plaintiff Jimmie Lee Ellis filed a motion for summary judgment on the merits. (ECF No. 55.) On September 27, 2023, the defendants also filed a motion for summary judgment on the merits. (ECF No. 57) On September 28, 2022, the court issued a notice and order informing Ellis that he had until October 30, 2023, to file a response to the defendants' summary judgment motion. (ECF No. 63.) The court cautioned Ellis that, if by that date he did not respond to the motion or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the defendants as undisputed.

The deadline has passed, and Ellis has not filed a response to the defendants motion. As such, the court will construe the motion as unopposed. The court has reviewed Ellis's motion and affidavit in support of his motion as well as the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P.

56(e)(2), and concludes that the defendants are entitled to summary judgment on the merits. Ellis's motion for summary judgment is denied. The case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ellis's motion for summary judgment (ECF No. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment.

The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 7th day of December, 2023.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge